NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3324

JAMES H. COPPENS,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

_____

DECIDED: November 10, 2004

_____

Before, MICHEL, RADER, and GAJARSA, Circuit Judges.

PER CURIAM.

James Coppens seeks review of a Merit Systems Protection Board ("Board") final order that dismissed his whistleblower complaint pursuant to the Whistleblower Protection Act of 1989 ("WPA"), Pub. L. 101-12, 103 Stat. 16, against his employer, the Defense Contract Audit Agency ("DCAA"), because of failure of proof. Coppens v. Dep't of Defense, AT-1221-01-0876-W-1 (MSPB Nov. 15, 2002). Because substantial evidence supports the Board's decision, this court affirms.

BACKGROUND

Mr. Coppens filed a WPA complaint, 5 U.S.C. § 2302(b)(8), against his employer, the DCAA, with the Office of Special Counsel ("OSC") on April 19, 2001. He alleged that the DCAA gave him an unfair midterm performance evaluation and involuntarily reassigned him from Yokohama, Japan to Orlando, Florida in reprisal for his disclosures concerning the illegality of the DCAA's travel policy. Mr. Coppens alleged in complaints to his immediate DCAA supervisors and a regional DCAA supervisor that the travel policy violated 5 C.F.R. § 610.123 and 5 C.F.R. § 550.112 by requiring air travel during off-duty hours within Japan, the Far East and Pacific Rim locations. The OSC notified Mr. Coppens by letter that it terminated its inquiry into his allegations and advised him of the right to seek corrective action from the Board.

Mr. Coppens filed an Individual Right Action ("IRA") with the Board. In its November 15, 2002 Initial Decision, the Board dismissed the IRA for failure of proof – specifically, the Board found that Mr. Coppens failed to show, by a preponderance of the evidence, that he made a "protected disclosure." His petition for review by the Board was denied, which rendered the Initial Decision final.

Mr. Coppens timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

DISCUSSION

This court must affirm the final decision of the Board unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed;

or unsupported by substantial evidence. 5 U.S.C. § 7703(c); <u>Dorrall v. Dep't of the Army</u>, 301 F.3d 1375, 1379 (Fed. Cir. 2002).

On appeal, Mr. Coppens argues that the following Administrative Judge ("AJ") factual findings are not supported by substantial evidence, namely (1) that he did not disclose anything unknown to the DCAA and (2) that he could not have reasonably believed that Pacific Branch Office policy violated any rule, law, or regulation. The Supreme Court has explained "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." <u>Consolo v. Fed. Mar. Comm'n</u>, 383 U.S. 607, 620 (1966).

An employee who alleges the occurrence of a retaliatory personnel action in violation of the WPA has the burden of showing by a preponderance of the evidence "(1) that the acting official had the authority to take the personnel action; (2) that the employee made a disclosure protected under section 2302(b)(8); (3) that the acting official used his or her authority to take the personnel action against the employee; and (4) that the acting official took the personnel action because of the protected disclosure." <u>Frey v. Dep't of Labor</u>, 359 F.3d 1355, 1359 (Fed. Cir. 2004) (citing <u>LaChance v. White</u>, 174 F.3d 1378, 1380 (Fed. Cir. 1999)). The purpose of the WPA is to protect employees who possess knowledge of wrongdoing that is concealed or not publicly known, and who step forward to help uncover and disclose that information. <u>See</u> S.Rep. No. 95-969, 95th Cong., 2d Sess. 8 (1978), <u>reprinted in</u> 1978 U.S.C.C.A.N. 730.

To prove that the employee made a protected disclosure under section 2302(b)(8), the employee must show by a preponderance of evidence that: "(1) he had a reasonable belief that his disclosure was protected under the WPA; and (2) he identified a 'special law, rule, or regulation that was violated.'" Langer v. Dep't of Treasury, 265 F.3d 1259, 1266 (Fed. Cir. 2001); Meuwissen v. Dep't of the Interior, 234 F.3d 9, 13 (Fed. Cir. 2002). Disclosure means "to bring into view by uncovering" and relates to the underlying conduct, rather than to the asserted fact of its unlawfulness, in order for the disclosure to be protected by the WPA. Meuwissen, 234 F.3d at 13-14; Huffman v. Office of Personnel Management, 263 F.3d 1342, 1350 (Fed. Cir. 2001). Furthermore, disclosure of illegal conduct requires identifying a specific law, rule or regulation that was violated, not merely asserting one's belief that a statute was erroneously interpreted. Meuwissen, 234 F.3d at 13-14.

Experience is a key factor to consider when determining the reasonableness of one's belief. See Haley v. Dep't of Treasury, 977 F.2d 553, 556-58 (Fed. Cir. 1992). An employee who knows that a regulation allows broad discretion, cannot reasonably believe that exercise of such discretion is a violation of the statute. Id. at 557.

Substantial evidence supports the AJ's finding that (1) Mr. Coppens did not disclose anything unknown to the DCAA and (2) Mr. Coppens could not have reasonably believed that PACBO policy violated a rule, law, or regulation. Because Mr. Coppens's disclosure concerned the illegality of the travel policy, rather than the existence of the travel policy, the AJ's determination that there was no WPA protected disclosure is supported by substantial evidence. While one may contend that disclosure of illegality is as likely to result in employee retaliation as disclosure of conduct, this

argument is irrelevant because the clear intent of the statute is limited to disclosures of *conduct.*

The AJ's finding that Mr. Coppens's belief was unreasonable is also supported by substantial evidence. Other employees' agreement with Mr. Coppens that the travel policy was unreasonable is irrelevant because the test for "reasonable belief" is not subjective. Mr. Coppens's experience as an auditor and his research on the issue of the travel policy are evidence that Mr. Coppens knew the off-duty travel policy was discretionary. Because he knew this, Mr. Coppens could not have reasonably believed it was a violation of the regulation. At most, he believed it was an erroneous interpretation of the regulation.

We agree with the Department of Defense that substantial evidence supports the Board's finding that Mr. Coppens failed to meet his burden of proof on the merits. While Mr. Coppens may believe that the agency's travel policy stretches the regulation's limits, disclosure of this belief is not within the WPA's sphere of protection. Accordingly, this court affirms.